# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-30899

H S STANLEY, JR, In his capacity as Trustee of the Bankruptcy Estate of Gary Eugene Hale

Plaintiff-Appellant

v.

CLARE W TRINCHARD, Esquire; TRINCHARD & TRINCHARD LLC; CLARENDON NATIONAL INSURANCE CO

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JONES, Chief Judge, ELROD, Circuit Judge, and GUIROLA, District Judge.[*]

EDITH H. JONES, Chief Judge:

H.S. Stanley, as trustee for the bankruptcy estate of Gary Eugene Hale, appeals a summary judgment from the district court, which held that the estate's legal malpractice claims against Trinchard, Trinchard, & Trinchard LLC ("Trinchard") were time-barred. Because Congress expressed an overriding and unqualified interest in allowing bankruptcy trustees sufficient time to discover causes of action on behalf of their estates, we hold that § 108(a) of the Bankruptcy Code, 11 U.S.C. § 108(a), extended Louisiana's legal malpractice

---

[*] District Judge, Southern District of Mississippi, sitting by designation.

peremption period. We reverse and remand to authorize the original complaint to be pursued and to allow the filing of an amended complaint.

## I. BACKGROUND

The facts of this case have been set out in detail in *Stanley v. Trinchard*, 500 F.3d 411 (5th Cir. 2007) ("*Trinchard II*"). Broadly, the case involves a multi-million dollar judgment, referred to herein as *Burge*, against Gary Eugene Hale, the result of which forced Hale into involuntary bankruptcy in October 2001. As the appointed trustee of Hale's bankruptcy estate, Stanley brought claims under Louisiana law for breaches of professional and fiduciary duties constituting legal malpractice against Hale's attorneys, Trinchard, in April 2002.

The district court granted Trinchard's motion for summary judgment, initially finding that Hale's bankruptcy discharge made it impossible for Stanley to show that any damages resulted from Trinchard's alleged malpractice. *Stanley v. Trinchard*, 2005 WL 2037543, *13 (E.D. La. Aug. 1, 2005) ("*Trinchard I*"). On appeal, this court reversed, holding that Hale's bankruptcy discharge did not vitiate his legal malpractice claims, and remanded for further proceedings.[1] *Trinchard II*, 500 F.3d at 431.

After remand, Trinchard filed another summary judgment motion, claiming the lawsuit was barred by Louisiana's one-year peremptive period. The district court concluded that Hale knew or should have known of his legal injury as of March 2001, and because of the one-year peremptive period, Stanley's lawsuit, filed in April 2002, was untimely. *Stanley v. Trinchard*, 2008 WL 2686364, at *5-6 (E.D. La. July 8, 2008) ("*Trinchard III*"). Stanley argued that,

---

[1] Stanley's claims against another Defendant, Northwestern National Insurance Company of Milwaukee, Wisconsin, were included in *Trinchard II*. Those claims are not relevant here.

as trustee of Hale's bankruptcy estate, he had filed the malpractice claims within the two-year period allowed by § 108(a) of the Bankruptcy Code. The district court responded:

> In light of the fact that the rights attached to a peremptive period extinguish upon the expiration of that period and that peremptive periods cannot be interrupted or suspended, applying Section 108(a) to peremptive periods would impermissibly alter substantive property rights as defined by Louisiana law.

*Id.* at *6. Therefore, the district court held Louisiana's peremptive period, and not the Bankruptcy Code's limitation period, governed the estate's malpractice claim. The court also denied Stanley's proffered amendments to include allegations against a former attorney at the Trinchard firm. *Id.* Stanley's motion to reconsider was rejected by the district court.

Stanley now appeals. He contends that § 108(a) of the Bankruptcy Code preempts Louisiana's peremption period; that there are material facts as to whether Hale became aware of the claim in March 2001 or September 2001; and that his addition of vicarious liability claims relates back to his original complaint.

## II. DISCUSSION

We review a grant of summary judgment de novo, using the same standards applied by the district court. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Bankruptcy Code § 108(a) allows a trustee to commence an action on behalf of the debtor's estate within the period allowed by state law for such an

action or within two years after the order for relief, whichever is later.[2] *See United States ex rel. Am. Bank v. C.I.T. Constr. Inc. of Tex.*, 944 F.2d 253, 259 (5th Cir. 1991). The question here is whether Louisiana's preemptive statute, which controls the estate's claim, is somehow exempt from § 108 because of its status as a statute of repose.[3] We hold that it is not. LA. REV. STAT. § 9:5605(A) provides that no legal malpractice claims:

> shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

These "periods of limitation . . . are preemptive periods within the meaning of Civil Code Article 3458[4] and, in accordance with Civil Code Article 3461,[5] may

---

[2]  11 U.S.C. § 108(a):
If applicable non-bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) two years after the order for relief.

[3]  Common law jurisdictions refer to this type of limitation as a statute of repose, while states with civil codes use the term preemptive period. *See Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481, 491 (5th Cir. 2001). No legal distinction exists.

[4]  "Preemption is a period of time, fixed by law, within which a right must be exercised or be forever lost. Liberative prescription merely prevents the enforcement of a right by action; in contrast, preemption destroys the right itself." LA. CIV. CODE art. 3458.

[5]  "In contrast with prescription, preemption may be neither interrupted nor suspended." LA. CIV. CODE art. 3461.

not be renounced, interrupted, or suspended." LA. REV. STAT. § 9:5605(b); *Reeder v. North*, 701 So. 2d 1291, 1295 (La. 1997).

Trinchard argues that § 108(a) is inapplicable to statutes of repose, including the statute controlling Louisiana's malpractice claims.[6] It argues that Louisiana's peremptive period is not a period in which an action may be commenced but rather represents the lifespan of a substantive right. *Atlas Iron & Metal Co. v. Ashy*, 918 So. 2d 1205, 1209 (La. Ct. App. 2006). Once the substantive right has been extinguished, Trinchard contends that it may not be resurrected through the Bankruptcy Code. As Trinchard notes, the Supreme Court has cautioned that "[u]nless some federal interest requires a different result, there is no reason why such [state law property] interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918 (1979).

We are sympathetic to the importance of preserving state law property rights intact in bankruptcy. *Butner* itself, however, refers to superseding federal interests. *Id.* The subject of bankruptcy falls within the express constitutional powers of Congress, and bankruptcy law therefore takes precedence over state laws under the Supremacy Clause. U.S. CONST., art. VI. Section 108(a) is

---

[6] Supporting its argument, Trinchard points to the legislative history surrounding the adoption of § 108, which repeatedly uses the term "statute of limitations." S. Rep. 95-989, at 30 (1977). As we have said before, a powerful line of Supreme Court authority suggests that "legislative history should rarely be used in statutory interpretation, because only the text of the law has been passed by Congress, not the often-contrived history." *See, e.g.*, *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 679 (5th Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 568, 125 S. Ct. 2611, 2626 (2005)). In addition to our generic aversion, there is nothing in § 108's history that would lead one to believe that the term "statute of limitations" was being used in a specific sense that was distinguishable from a statute of repose. The legislative history, therefore, is of particularly little value here.

written broadly to extend any "period [fixed *inter alia* by 'applicable nonbankruptcy law'] within which the debtor may commence an action." The statute's clear purpose is to afford bankruptcy trustees extra time to assess and pursue potential assets of the debtor's estate. Congress drew no distinction among the state law vehicles that govern time limits for filing suit, whether statutes of limitations or prescription, repose or peremption. The language of Section 108(a) compels the conclusion that Congress expressly extended the time for pursuing any action that would otherwise be time-barred under state law.

There seems to be no authority on point apart from district court decisions in this ongoing dispute. Other cases cited by the litigants are either not inconsistent with or irrelevant to our conclusion. Trinchard cites *Spears Carpet Mills, Inc. v. Century Nat'l Bank*, 85 B.R. 86, 88 (W.D. Ark. 1988), which noted that a U.C.C. notification period had been held peremptive under Louisiana law.[7] The court went on to conclude that the notice provision constituted a condition precedent but did not itself fix a period within which the debtor may commence an action as required by § 108. *See Spears*, 85 B.R. at 88-89. Louisiana law governing attorney malpractice suits, in contrast, both prescribes a cause of action and states when it must be commenced. The latter is expressly within § 108(a); the former provision is not.

Trinchard draws a similarly faulty comparison with 15 U.S.C. § 1635(f), which provides a three-year period for rescinding a consumer credit transaction under the Truth in Lending Act. Again, this is not akin to the commencement of an action, and § 108(a) has correctly been held inapplicable to extend a period

---

[7] The provision at issue, U.C.C. § 4-406(4), which Louisiana codified as LA. REV. STAT. §10:4-406(4), states that a bank customer who does not notify a bank within a year of receiving a bank statement of any items that contain an "unauthorized signature" is "precluded from asserting against the bank such unauthorized signature . . . ."

that by its terms does not refer to commencement of an action. *See, e.g.*, *Williams v. Emc Mortgage Corp.* (*In re Williams*), 276 B.R. 394, 397 (Bankr. E.D. Pa. 2002).

Because we are interpreting § 108(a), Stanley's proposed analogy to 11 U.S.C. § 546(a) is also unhelpful. In *First Union National Bank v. Gibbons* (*In re Princeton-New York Investors, Inc.*), 219 B.R. 55, 64 (D.N.J. 1998), a court allowed a trustee to bring a claim for fraudulent transfer under 11 U.S.C. §§ 544 and 548 after the time allowed by the applicable state statute of repose because 11 U.S.C. § 546(a) affords the trustee a two-year limitations period.[8] Several other courts have held that § 546 "preempts" state statutes of repose. *See, e.g.*, *Smith v. Am. Founders Fin., Corp.*, 365 B.R. 647, 677 (S.D. Tex. 2007). Section 546, however, concerns a federally created claim authorizing a trustee to avoid the fraudulent transfer of property. In the present case, in contrast, federal law extends the time period for bringing causes of action that existed independent of bankruptcy and not as a result of the bankruptcy law.[9]

---

[8] 11 U.S.C. § 546(a):
An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of (1) the later of (A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or (2) the time the case is closed or dismissed.

[9] The *Gibbons* Court made this very distinction:
By its express language, § 108(a) only applies to causes of action that the debtor owned prior to filing the bankruptcy petition. *See, e.g.*, *Andrew v. Coopersmith* (*In re Downtown Investment Club III*), 89 B.R. 59, 65 (B.A.P. 9th Cir. 1988) ("Bankruptcy Code § 108(a) refers to pre-filing causes of action belonging to the debtor and not to a cause of action created by the Bankruptcy Code."). However, when a trustee initiates a cause of action pursuant to § 544(b), he is not acting as the debtor's representative but, rather, is standing in the shoes of an unsecured creditor. *See, e.g.*, *Hassett v. McColley* (*In re O.P.M. Leasing Services, Inc.*), 28 B.R. 740, 760 (Bankr. S.D.N.Y. 1983).

Having concluded that § 108(a) expressly allowed Stanley to bring claims on behalf of the estate until October 2003, we need not determine whether the malpractice claim accrued in March or September of 2001. Stanley's claim is timely filed in either case.

Finally, we are asked to determine whether Stanley's additional vicarious liability claims were timely asserted. As the district court noted, "Louisiana law allows a plaintiff to bring suit against an employer when the employee is completely dismissed, even when the employer's sole basis for liability is vicarious liability" as long as the suit is not "prescribed." *Trinchard III at* *5 (citing *Bordelon v. Foster*, 2008 WL 482613, at *5 (E.D. La. Feb 19., 2008)).

Leigh Ann Schell was an attorney employed by Trinchard until October 2000. Over two years after the bankruptcy case commenced, Stanley amended his complaint to add Schell as a defendant and to add claims that Trinchard was variously liable for improper oversight of Schell and her alleged negligence. In *Trinchard I*, the district court granted summary judgment dismissing Schell because both the peremption period and § 108(a)'s two-year grace period had run prior to Stanley's amended complaint. Stanley now appeals the district court's holding in *Trinchard III* that Stanley's vicarious liability claims were also time-barred. Stanley argues that he gave Trinchard fair notice of a vicarious liability cause of action in his original complaint or, in the alternative, that the amended complaint relates back to the original complaint.

Stanley's original complaint asserted a claim for the firm's "vicarious liability for the negligence/fault of Ms. Trinchard" related to the *Burge* file. Stanley asserts, however, that the original complaint, construed liberally, gave

---

219 B.R. at 58-59.

Trinchard fair notice of the occurrence for which Stanley sought relief. After reviewing the original complaint, we agree that the original complaint put Trinchard on notice that Stanley was seeking to hold the firm vicariously liable for actions related to the firm's handling of *Burge*. Because the original complaint adequately put Trinchard on notice, it is unnecessary to consider whether the amended complaint related back under FED. R. CIV. P. 15(c).

## III. CONCLUSION

For these reasons, we reverse and remand to reinstate the original complaint and to permit Stanley to file an amended complaint asserting Trinchard's vicarious liability for Ms. Schell's alleged negligence in the *Burge* matter.

**REVERSED AND REMANDED**.