Rodney **TOW**, as Trustee of the Bankruptcy Estate of Erwina Consunji and Bernardino Consunji, Appellant,

v.

Scott K. **PAGANO**, D.C. and Campbell Chiropractic Clinic, P.C., d/b/a Campbell Chiropractic Wellness Center, Appellees.

No. 01–07–00464–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 5, 2009.

Erin E. Jones, Barron, Newburger & Sinsley, PLLC, Toby B. Fullmer, W. Douglas Matthews Jr., The Matthews Law Firm, Houston, TX, for Appellant.

Kealy Christian Sehic, Johnson, Trent, West, & Taylor, LLP, Lauren B. Harris, Johnson, Spalding, Doyle, West & Trent, LLP, Raphael Charles Taylor, Houston, TX, for Appellees.

Panel consists of Justices HIGLEY, SHARP, and MIRABAL.[1]

## OPINION

LAURA CARTER HIGLEY, Justice.

In this medical malpractice suit, the trial court granted summary judgment in favor of defendant/appellees, Scott K. Pagano, D.C. ("Dr. Pagano") and Campbell Chiropractic Clinic, P.C., d/b/a Campbell Chiropractic Wellness Center ("Campbell Chiropractic Clinic"), against plaintiff/appellant, Rodney Tow, as Trustee of the Bankruptcy Estate of Erwina Consunji and Bernardino Consunji ("Tow"). The trial court's order identifies two grounds supporting summary judgment against Tow. The order states that Tow's claims are barred by the statute of limitations or, alternatively, by the doctrine of judicial estoppel. On appeal, Tow asserts two issues challenging each ground supporting summary judgment.

We reverse and remand.

### Factual & Procedural Background

In April and May of 2004, Bernardino Consunji sought treatment from Dr. Pagano, a chiropractor, at the Campbell Chiropractic Clinic. On November 30, 2004, Consunji notified Dr. Pagano and the Campbell Chiropractic Clinic that he had sustained injuries during his treatment at the clinic and that the injuries were caused by Dr. Pagano's negligence.

On October 15, 2005, Consunji and his wife, Erwina, filed for Chapter 7 bankruptcy. The Consunjis did not list the medical liability claim against Dr. Pagano and Campbell Chiropractic Clinic as an asset in their bankruptcy schedules.

On April 18, 2006, Consunji filed a medical malpractice suit in state court against Dr. Pagano and Campbell Chiropractic Clinic (hereinafter collectively "appellees"). At that time, the bankruptcy case remained pending. Consunji did not inform the bankruptcy trustee, Rodney Tow, of the suit's filing.

The Consunjis received a no-asset discharge on May 5, 2006, and the bankruptcy case was closed. Trustee Tow did not learn of the Consunji's medical liability claim during the pendency of the bankruptcy case.

On October 10, 2006, appellees filed a motion for summary judgment against Consunji. Appellees asserted that Consunji's medical liability claim was barred by judicial estoppel because he had not disclosed the claim in the bankruptcy proceeding.

Tow first learned of Consunji's pending lawsuit and the medical liability claim on October 18, 2006. Based on this newly learned information, Tow filed an emergency motion to reopen the bankruptcy case, which was granted by the bankruptcy court.

On October 27, 2006, a first amended petition was filed in the medical liability suit, adding Tow as a plaintiff. Tow alleged that he was "the duly appointed

1. The Honorable Margaret Garner Mirabal, Senior Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Chapter 7 trustee of the bankruptcy estate." He further alleged that when the Consunjis filed for bankruptcy, all of their assets, including the causes of action asserted in the lawsuit, "vested in" the bankruptcy estate. The petition averred that Tow, as the bankruptcy trustee, "is the owner of all such assets and causes of action and is duly authorized to pursue them on behalf of the [bankruptcy] estate."

On November 3, 2006, the trial court granted appellees' motion for summary judgment against Consunji on the ground that his claims were barred by judicial estoppel. Tow's claim on behalf of the bankruptcy estate remained pending.

Appellees filed a second motion for summary judgment. Appellees asserted that judicial estoppel extended to bankruptcy trustee Tow. They argued that judicial estoppel bars Tow's pursuit of Consunji's medical liability claim because, as trustee, Tow "stepped into the shoes" of bankruptcy debtor Consunji. Appellees claimed that Consunji's failure to disclose the claims in the bankruptcy proceeding was imputed to Tow and operated to bar Tow's claims as well.

Tow replied that a bankruptcy trustee acquires the rights and liabilities of the bankruptcy debtor at the time the bankruptcy petition is filed. Tow contended that any conduct by the debtor post-petition, such as failing to disclose assets, is conduct not imputed to the trustee. Tow pointed out that he had neither abandoned the medical liability claim nor taken any position contrary to making the claim, conduct he claimed necessary for judicial estoppel to bar his claim.

In their motion for summary judgment, appellees asserted, alternatively, that Tow's claims were barred by the two-year limitations period found in Texas Medical Liability Act ("TMLA") section 74.251(a). Appellees pointed out that Consunji alleged he was injured by appellees' negligent medical treatment on May 10, 2004. Under section 74.251(a), the two-year limitations period expired on May 10, 2006. Tow filed his claim as trustee on October 27, 2006.

Appellees acknowledged that Bankruptcy Code section 108(a) provides that if a limitations period has not expired before the filing of the bankruptcy petition, as here, a trustee has two years from the filing of the bankruptcy petition to commence an action. Under section 108(a), Tow had until October 15, 2007 to assert his claims as bankruptcy trustee against appellees. If section 108(a) applied, Tow's claims, filed on October 27, 2006, were timely.

Appellees argued that section 108(a) did not extend the limitations period beyond that provided in TMLA section 74.251(a). Appellees asserted that section 74.251(a)'s language indicates that the Texas Legislature intended the two-year limitations period to be the "absolute" time period in which to file a medical liability claim in Texas, regardless of Bankruptcy Code section 108(a). In support of their position, appellees relied on language in section 74.251(a) that its provisions applied "notwithstanding any other law."

Appellees further asserted that Tow's claims were time-barred because TMLA section 74.251(a) is a statute of repose, not a statute of limitations. Appellees contended that a statute of repose creates a substantive property right. Allowing Tow to file suit would interfere with that right.

Relying on the Supremacy Clause of the federal constitution, Tow responded that, to the extent that state statute conflicts with the federal Bankruptcy Code, section 108(a) preempts section 74.251(a). Tow asserted that preemption applied regard-

less of whether section 74.251(a) is a statute of repose or a statute of limitations.

In further support of its limitations ground, appellees asserted that Tow did not "step into the shoes" of Consunji when he entered the lawsuit. Rather, Tow and Consunji are "separate legal entities." Appellees pointed out that Consunji filed his claims in his individual capacity for his own benefit, while Tow filed suit as trustee for the benefit of the bankruptcy estate. Appellees asserted that, as a result, Tow's claims do not "relate back" to the filing of Consunji's claims for limitations purposes. Tow countered that, in the event section 108(a) was held not to extend the limitations period, his claims did "relate back" to Consunji's timely filed claim. Tow asserted that he was properly substituted in as the real-party-in-interest in the amended petition.

 The trial court granted appellees' Rule 166a(c) motion for summary judgment. In its order, the trial court specified that Tow's claims were barred by the statute of limitations or, alternatively, by the doctrine of judicial estoppel. Tow appeals, challenging both summary judgment grounds.[2]

## Summary Judgment Standard

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005).

To prevail on a "traditional" summary-judgment motion, asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex.2004). A defendant moving for traditional summary judgment must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *See IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the

2. For the first time on appeal, appellees contend that Tow presented no evidence that he was authorized to proceed as trustee in the underlying action. Specifically, appellees assert that Tow has not shown he was reappointed as trustee after the bankruptcy case was reopened. Because appellees' contention reads as one challenging Tow's standing, it may be raised for the first time on appeal. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex.2005). When, as here, we consider the issue of standing for the first time on appeal, we construe the petition in favor of the plaintiff and, if necessary, review the entire record to determine whether any evidence supports standing. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). We note Chapter 7 trustees are not automatically reappointed as trustees

upon the reopening of a bankruptcy case. *See* FED. R. BANKR.P. 5010. Indeed, Tow requested reappointment when he moved to reopen the bankruptcy case. Thereafter, in the first amended petition, Tow alleged that he was "the duly appointed Chapter 7 trustee of the bankruptcy estate" Tow further alleged that he, as the bankruptcy trustee, "is the owner of all such assets and causes of action and is duly authorized to pursue them on behalf of the estate." Given that this issue was raised for the first time on appeal, we conclude that the allegations in the petition are sufficient to confer standing on Tow as trustee for the bankruptcy estate to assert the medical liability claim. In any event, this issue may be addressed by the trial court on remand.

evidence. *See City of Keller v. Wilson,* 168 S.W.3d 802, 816 (Tex.2005).

In our review, we take the nonmovant's competent evidence as true, indulge every reasonable inference in favor of the non-movant, and resolve all doubts in favor of the nonmovant. *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 846 (Tex.2005). We consider all grounds on which the trial court ruled that are preserved for review and that are necessary for disposition of the appeal. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996).

### Judicial Estoppel

In his first issue, Tow asserts that the trial court erred by granting summary judgment because judicial estoppel does not prevent him, as bankruptcy trustee, from prosecuting claims that Consunji did not disclose in the bankruptcy proceeding.

### A. Legal Principles

Because this issue arises in the bankruptcy context, we apply federal law to decide whether judicial estoppel bars Tow's claims. *See Bailey v. Barnhart Interest, Inc.,* 287 S.W.3d 906, 909 (Tex.App.-Houston [14th Dist.] 2009, no pet.) (applying Fifth Circuit law to determine whether trustee's state court claims were barred by judicial estoppel because debtor failed to disclose claims in bankruptcy filings); *see also Brown v. Swett & Crawford of Tex., Inc.,* 178 S.W.3d 373, 380–81 (Tex.App.-Houston [1st Dist.] 2005, no pet.) (utilizing Fifth Circuit law to determine whether judicial estoppel applied to bar claims based on representations made in bankruptcy petition).

■ The doctrine of judicial estoppel applies when a party seeks to bring a claim that is inconsistent with a claim asserted in a prior proceeding. *Kane v. Nat'l Union Fire Ins. Co.,* 535 F.3d 380,

385 (5th Cir.2008). The doctrine protects the integrity of the judicial process by preventing a party from "playing fast and loose" with courts to suit the party's own purposes. *Id.* Generally, courts apply the equitable doctrine when "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." *In re Coastal Plains, Inc.,* 179 F.3d 197, 206 (5th Cir.1999); *see Kane,* 535 F.3d at 385.

■ The Fifth Circuit has recognized three particular requirements that must be met for judicial estoppel to apply: "(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the nondisclosure must not have been inadvertent." *Kane,* 535 F.3d at 386 (quoting *In re Superior Crewboats, Inc.,* 374 F.3d 330, 334–35 (5th Cir.2004)).

### B. Analysis

■ Briefing in the trial court and on appeal focuses on whether judicial estoppel bars Tow's claims based on Consunji's failure to list the medical liability claim in the bankruptcy schedule. Appellees rely on *In re Superior Crewboats* to support their argument that judicial estoppel bars Tow's claims based on Consunji's conduct. *See* 374 F.3d at 336.

*In re Superior Crewboats* involved debtors who pursued unscheduled claims that the bankruptcy trustee had formally abandoned. *See id.* at 334–35. The Fifth Circuit concluded that judicial estoppel barred the debtor's pursuit of the claims because such pursuit benefitted the debtors to the detriment of the creditors. *See id.* at 336; *see also In re Coastal Plains, Inc.,* 179 F.3d at 213 (holding that judicial estoppel prevented corporate debtor's CEO from benefitting from corporate debtor's earlier

failure to disclose claim). The *Superior Crewboats* court further held that the trustee's motion to substitute as plaintiff for the debtors became moot once judicial estoppel operated to bar the debtors' claims. 374 F.3d at 336.

Appellees acknowledge that, unlike the trustee in *Superior Crewboats,* Tow never abandoned the claims in this case. Nonetheless, appellees' motion for summary judgment asserted that judicial estoppel bars Tow's claims because "a trustee steps into the shoes of the debtor, assumes all rights and liabilities held by the estate at the time of the bankruptcy filing, and is also *subject to any defenses* that could be asserted against the debtor." Appellees reasoned, "Thus, if judicial estoppel prevents the debtor from pursuing a claim, then it will also prevent the trustee who has stepped into the debtor's shoes from pursuing the same claims."

In his response, Tow countered, "As a matter law, upon commencement of a bankruptcy case, the trustee, as the representative of the estate, steps into the shoes of the debtor but only as to any rights and liabilities which the debtor possessed *at the time of filing* the bankruptcy case." Tow continued, "When a trustee prosecutes a right of action derived from the debtor, the trustee stands in the shoes of the debtor, subject to any *pre-petition* defenses." Tow concluded, "In short, [appellees'] argument that the Trustee is subject to *any* defenses that [appellees] would have against [Consunji], including the *post-petition* failure to disclose an asset, is simply incorrect."

The law supports Tow's position. Under Bankruptcy Code section 541, Consunji's medical liability claim vested in the bankruptcy estate when Consunji filed his bankruptcy petition. *See* 11 U.S.C. § 541(a)(1) (2006) (providing that bankruptcy estate includes "all legal or equita-

ble interest of the debtor in property as of the commencement of the case"); *see also Kane,* 535 F.3d at 385. Because the medical liability claim belongs to the bankruptcy estate, Tow, as trustee, is the real party in interest and the only party with standing to assert the claim. *See* 11 U.S.C. §§ 323, 541(a)(1); *see also Kane,* 535 F.3d at 385. The filing of the bankruptcy petition extinguished all of Consunji's rights in the medical liability claim. *See Parker v. Wendy's Int'l, Inc.,* 365 F.3d 1268, 1272 (11th Cir.2004). The claim would have reverted to Consunji had Tow abandoned it under Bankruptcy Code section 554; however, no such abandonment occurred. *See* 11 U.S.C. § 554 (2006). Consunji's failure to list the claim on the bankruptcy schedule leaves the claim in the bankruptcy estate. *See Kane,* 535 F.3d at 385; *Parker,* 365 F.3d at 1272. When Consunji received his bankruptcy discharge, the medical liability claim remained the property of the estate, even though it was unscheduled and not administered. *See* 11 U.S.C. § 554(d); *Kane,* 535 F.3d at 385; *Parker,* 365 F.3d at 1272. Taken together, the facts and applicable law compels the conclusion that judicial estoppel cannot be applied against Tow based on Consunji's post-bankruptcy failure to disclose the claim. *See Parker,* 365 F.3d at 1272; *see also Bank of Marin v. England,* 385 U.S. 99, 101, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966) ("The trustee succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition.").

Significantly, since the parties filed their appellate briefing, the Fifth Circuit, in *Kane v. National Union Fire Insurance Co.,* answered the question at issue in this appeal: whether judicial estoppel precludes a Chapter 7 trustee from pursuing

an undisclosed, pre-petition tort claim that was never administered or abandoned by the trustee. *See* 535 F.3d at 388. In deciding the issue, the Fifth Circuit discussed, and ultimately distinguished, *In re Superior Crewboats*. *See id.* at 386–87.

The *Kane* court explained, "In *In re Superior Crewboats, Inc.,* we were asked only to consider whether debtors could pursue claims for their own benefit that they failed to disclose in their bankruptcy schedules." *Id.* at 386. "[B]ecause the [*Superior Crewboats*] trustee had abandoned the claim, he was not the real party in interest and was not entitled to be substituted as such." *Id.* "Rather, following the trustee's abandonment, the interest in the claim had reverted to the debtors, who then stood to collect a windfall from their failure to schedule the asset at the expense of their creditors." *Id.* at 386–87.

The *Kane* court recognized the distinction between the underlying circumstances in that case and those underlying *In re Superior Crewboats*. The court wrote, "In the case before us, the Kanes' personal injury claim became an asset of their bankruptcy estate when they filed their Chapter 7 petition. The Trustee became the real party in interest in the Kanes' lawsuit at that point and never abandoned his interest therein." *Id.* at 387.

The *Kane* court then explained the significance of the distinction:

> Thus, unlike in *In re Superior Crewboats, Inc.*—where the debtors stood to benefit directly from pursuing their claim at the expense of their creditors, and the district court's dismissal of the claim against the debtors mooted the trustee's motion to substitute as a matter of law—here, the Trustee is the real party in interest and has reopened the Kanes' Chapter 7 bankruptcy to pursue the Kanes' claim for the benefit of the estate's creditors.

*Id.* The *Kane* court concluded that *In re Superior Crewboats* did not require the application of the equitable doctrine of judicial estoppel to bar the trustee's pursuit of the debtor's undisclosed claims. *See id.* The court further concluded that "the only way the Kanes' creditors would be harmed is if judicial estoppel were applied to bar the Trustee from pursuing the claim against Defendants on behalf of the estate." *See id.* The court noted, "In this case, equity favors the Trustee." *See id.* In closing, the *Kane* court held that *In re Superior Crewboats* did "not control the outcome" of the case. *See id.* at 388.

We now apply the Fifth Circuit's analysis in *Kane* to the facts at hand. *See Bailey,* 287 S.W.3d at 913.

After the Consunjis filed their bankruptcy petition, Consunji's medical liability claim vested in the bankruptcy estate. *See Kane,* 535 F.3d at 385. Tow, as trustee and the representative of the bankruptcy estate, became the real party in interest; he was the only party with standing to prosecute the claim. *See id.* Consunji's filing of the bankruptcy petition extinguished his rights in the claim, unless the claim was abandoned by Tow. *See id.* It is undisputed that Tow never abandoned the medical liability claim. Instead, Tow reopened the bankruptcy and actively pursued the claim for the benefit of the estate's creditors. *See id.*

In addition, there is no showing that Consunji will directly benefit at the expense of the creditors from the Tow's pursuit of the medical liability claims. *See id.* at 387. Although Consunji may benefit to the extent there is a surplus after all debts and fees have been paid, the Consunjis' creditors would be harmed if judicial estoppel prevented Tow from pursuing the claims. *See id.* at 387. As in *Kane,* equity favors the trustee in this case. *See id.*

Following *Kane*, we conclude that appellees have not satisfied their summary judgment burden to show that the doctrine of equitable estoppel bars Tow's pursuit of Consunji's medical liability claim as a matter of law. *See Bailey*, 287 S.W.3d at 913 (following *Kane* and reversing summary judgment against trustee that was based on judicial estoppel). Therefore, we hold that the summary judgment was not appropriate based on judicial estoppel. *See id.* To the extent that it based summary judgment on judicial estoppel, the trial court erred.

We sustain Tow's first issue.

### Limitations Period

■ In his second issue, Tow contends that the trial court erred by granting summary judgment on the ground that his medical liability claim is barred by the statute of limitations.

### A. The Statutes

In their summary judgment briefing, appellees maintained that TMLA section 74.251(a) determines the period during which Tow had to file his claim as trustee. Appellees recognized, but then denied, the application of Bankruptcy Code section 108(a) to extend section 74.251(a)'s limitations period. Tow responded that Bankruptcy Code section 108(a) determines the period during which he could file the medical liability claim on behalf of the bankruptcy estate.

TMLA 74.251(a) provides,

(a) Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care

treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided this section applies to all persons regardless of minority or other legal disability.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.251(a) (Vernon 2005).

Consunji alleged that he was injured by appellees' negligent treatment on May 10, 2004. The two-year limitations period prescribed in section 74.251(a) expired on May 10, 2006. Appellees assert that Tow's claim, filed on October 27, 2006, was untimely under section 74.251(a).

Bankruptcy Code section 108(a) provides,

(a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief.[3]

11 U.S.C. § 108(a).

Simply stated, Bankruptcy Code section 108(a) allows a trustee to commence an action on behalf of the debtor's estate within the period allowed by state law for such an action or within two years after the filing of a petition for bankruptcy,

---

3. The commencement of a voluntary bankruptcy case, as here, through the filing of a petition, constitutes an order for relief. 11 U.S.C. § 301 (2006).

whichever is later. *See id.; see also* 11 U.S.C. § 301 (2006). Here, the Consunjis filed their bankruptcy petition on October 15, 2005. Tow contends that section 108(a) extended the period for him to commence the medical liability action on behalf of the bankruptcy estate until October 15, 2007. Tow maintains that his assertion of the medical liability claim against appellees on October 27, 2006 was timely under section 108(a).

## B. Analysis

To support summary judgment, appellees asserted in the trial court that section 108(a) does not extend the limitations period because section 74.251(a) sets forth an "absolute" two-year limitations period. Appellees maintained that the absolute nature of the limitations period is shown by section 74.251(a)'s language that, "notwithstanding any other law," no health care liability claim may be commenced beyond the specified two-year limitations period. Appellees pointed to *Bala v. Maxwell* in which the Texas Supreme Court held, based on the "notwithstanding any other law" language, that the limitations provision of section 74.251(a) governed over the limitations provision of the Texas wrongful death statute. 909 S.W.2d 889, 892–93 (Tex.1995).

Appellees also stressed the important underlying policy reasons for TMLA's enactment as support for their position that section 74.251(a)'s limitations provision governs over that of section 108(a). Appellees pointed out that the Supreme Court of Texas has acknowledged that the impetuses for the enactment of the predecessor statutes of TMLA were concerns over insurance rates and the cost of healthcare. *See Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex.1983). Appellees also pointed to the supreme court's comment in *Morrison v. Chan* regarding a TMLA pre-

decessor statute: "The Legislature enacted the Medical Liability and Insurance Improvement Act to alleviate a perceived medical malpractice insurance crisis in the State of Texas. In an effort to accomplish this goal, the Legislature adopted an absolute two-year limitations period." 699 S.W.2d 205, 208 (Tex.1985).

Appellees also stressed that the legislature crafted section 74.251(a) in a fashion to make the discovery rule inapplicable to medical liability claims. Again, appellees suggested this evinces the legislature's intent that section 74.251(a) be the only statute of limitations applicable to medical liability claims.

Lastly, appellees asserted that section 108(a) cannot extend the limitations period found in TMLA because section 74.251(a) is a statute of repose, not a statute of limitations. Appellees argued that, as a statute of repose, section 74.251(a) creates a substantive right to be free from liability after the expiration of the legislatively defined two-year period. Appellees' intimate that section 108(a) cannot be applied to a statute of repose because such application would infringe on appellees' substantive property rights.

In *Stanley v. Trinchard,* the Fifth Circuit recently decided whether section 108(a) applies to a state statute of repose. 579 F.3d 515 (5th Cir.2009). *Stanley* is instructive not only in our determination of the statute-of-repose sub-issue, but also in determining generally the issue of whether section 108(a) extends the limitations period in this case.

In *Stanley,* the bankruptcy trustee sued Trinchard, an attorney, in federal district court on behalf of the debtor's estate, asserting claims for legal malpractice. *Id.* at 516. Trinchard moved for summary judgment on the ground that the trustee's lawsuit was barred by Louisiana's one-year peremptive period for legal malpractice

claims.[4] *See id.* at 517. The district court granted summary judgment, and the trustee appealed to the Fifth Circuit. *See id.*

On appeal, the issue was framed as follows: "The question here is whether Louisiana's peremptive statute, which controls the estate's claim, is somehow exempt from § 108 because of its status as a statute of repose." *Id.* at 518. The court answered this question in the negative: "Because Congress expressed an overriding and unqualified interest in allowing bankruptcy trustees sufficient time to discover causes of action on behalf of their estates, we hold that § 108(a) of the Bankruptcy Code, 11 U.S.C. § 108(a), extended Louisiana's legal malpractice peremption period." *Id.* at 516.

In support of its holding, the Fifth Circuit provided the following analysis:

> The subject of bankruptcy falls within the express constitutional powers of Congress, and bankruptcy law therefore takes precedence over state laws under the Supremacy Clause. U.S. Const., art. VI. Section 108(a) is written broadly to extend any "period [fixed inter alia by 'applicable nonbankruptcy law'] within which the debtor may commence an action." The statute's clear purpose is to afford bankruptcy trustees extra time to assess and pursue potential assets of the debtor's estate. Congress drew no distinction among the state law vehicles that govern time limits for filing suit, whether statutes of limitations or prescription, repose or peremption. The language of Section 108(a) compels the conclusion that Congress expressly extended the time for pursuing any action

that would otherwise be time-barred under state law.

*Id.* at 519.

We agree with the Fifth's Circuit's analysis. Section 108(a)'s purpose is self-evident: it is to provide the trustee with additional time to evaluate and to prosecute the debtor's potential claims as assets of the bankruptcy estate. Equally as clear, as noted by the Fifth Circuit, is that section 108(a)'s application is without qualification. Under its plain language, section 108(a) applies to all statutes defining a time period for filing suit. Section 108(a) makes no exception for statutes of repose.[5] Nor does it restrict its application to statutes of limitations.

In addition, section 108(a) does not exclude from its reach statutes that serve to advance an important state interest such as regulation of health care liability. In short, Congress did not make the application of section 108(a) dependent on the limitation statute's nature, type, language, or underlying purpose. The Fifth Circuit correctly concluded, "The language of Section 108(a) compels the conclusion that Congress expressly extended the time for pursuing *any action* that would otherwise be time-barred under state law." *Id.* (emphasis added).

Further, we note that section 74.251(a)'s "notwithstanding any other law" language does not in any fashion trump the language of section 108(a). To the contrary, "state law is naturally preempted to the extent of any conflict with a federal statute." *Crosby v. Nat'l Foreign Trade Council,* 530 U.S. 363, 372, 120 S.Ct. 2288,

---

4. The *Stanley* court explained, "Common law jurisdictions refer to this type of limitation as a statute of repose, while states with civil codes use the term peremptive period. No legal distinction exists." *Stanley v. Trinchard,* 579 F.3d 515, 518 n. 3 (5th Cir.2009).

5. Tow contends that section 74.251(a) is not a statute of repose, but is a statute of limitations. It is not necessary for us to make this determination to dispose of Tow's second issue.

2294, 147 L.Ed.2d 352 (2000). The United States Supreme Court has explained that preemption will be found when, "under the circumstances of a particular case, the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 373, 120 S.Ct. at 2294 (citing *Hines v. Davidowitz,* 312 U.S. 52, 66–67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)).

Here, reading section 74.251(a)'s "notwithstanding any other law" language to require application of that statute's limitations period to Tow's claims would stand as an obstacle to the accomplishment of Congress's full purposes and objectives under section 108(a). As discussed, section 108(a)'s plain language makes clear that Congress's objective of enactment was to provide the bankruptcy trustee with sufficient time to evaluate and to pursue causes of action for the benefit of the bankruptcy estate. Congress determined ·that sufficient period of time to be two years from the filing of the bankruptcy petition. In this case, applying section 74.251(a)'s limitations period would reduce Tow's post-bankruptcy time to bring suit from two years, under section 108(a), to seven months. Allowing section 74.251(a) to shorten the time period specifically defined by Congress would subvert the underlying purpose of section 108(a), frustrate Congress's overriding objective, and create a direct conflict with section 108(a).

To the extent that it conflicts with section 108(a), section 74.251(a) is preempted. Section 108(a) extends section 74.251(a)'s limitations period. Tow had until October 15, 2007 to commence the medical liability action on behalf of the bankruptcy estate.[6] Thus, his October 27, 2006 claim was timely filed.

We conclude that appellees are not entitled to summary judgment based on limitations.[7] To the extent that it based summary judgment on appellees' limitations defense, we hold that the trial court erred.

We sustain Tow's second issue.

## Conclusion

We hold that appellees were not entitled to summary based on judicial estoppel or based on limitations. We reverse the judgment of the trial court and remand for further proceedings.

6. Appellees raise certain summary grounds for the first time on appeal. Appellees contend that section 108(a) does not apply because Tow did not "commence" the action, as required by section 108(a). *See* 11 U.S.C. § 108(a). Appellees assert that it was Consunji who "commenced" the action. Appellees also contend that section 108(a) does not apply when a debtor, such as Consunji, had already been discharged in bankruptcy before the trustee filed suit. Lastly, appellees assert that Tow has not complied with a number of the statutory prerequisites for filing a medical liability claim, such as pre-suit notice and filing an expert report. Regardless of their validity, we cannot reach these grounds because they were not raised in the trial court. The law is clear: we may not affirm a summary judgment on grounds "not expressly set out in the motion or response." *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993).

7. Because we have disposed of Tow's second issue on the bases discussed *supra,* we need not discuss Tow's contention that his claim was timely filed because it "related back" to the filing of Consunji's claim.