PETTIGREW, J.
l?In this legal malpractice action, plaintiff appeals the trial court’s judgment granting defendants’ exception raising the objection of peremption and dismissing plaintiffs claims with prejudice. For the reasons that follow, we affirm.
FACTS
On July 14, 2008, plaintiff, David R. Straub, Sr., filed the instant petition alleg *550 ing a legal malpractice claim against defendants, Krystal D. Richardson and the Richardson Law Firm, L.L.C. (collectively “Richardson”), arising out of Richardson’s representation of Mr. Straub in a suit to enforce a mortgage filed by Blue View Corporation (“Blue View”), as well as in a subsequent bankruptcy case. The facts that precipitated this lawsuit have been succinctly set forth in the record[1] as follows:
On August 28, 2005, Blue View filed a Petition to Enforce Security Interest against Straub (the “Blue View Case”), alleging that Straub had defaulted on a third mortgage on Straub’s home given in favor of Blue View. That same day, Straub signed an Attorney/Client contract with Richardson, hiring Richardson to represent him in the Blue View Case. On October 28, 2005, Richardson filed an Answer in the Blue View Case and asserted that Straub’s liability to Blue View had been discharged in Straub’s 2000 chapter 7 bankruptcy.
Blue View filed a motion for summary judgment on January 28, 2006 and Richardson filed an opposition on behalf of Straub on March 3, 3006. On March 6, 2006, the Court held a hearing on, and granted, Blue View’s motion for summary judgment. Later that day, Richardson filed a Motion to Reconsider the granting of Blue View’s motion for summary judgment. Nonetheless, on April 12, 2006, judgment was rendered against Straub in favor of Blue View. Thereafter, Blue View sought the seizure of Straub’s home to satisfy the April 12, 2006 judgment and a sheriffs sale of Straub’s home was scheduled for July 26, 2006. On or about July 24, 2006, Richardson contacted Straub to inform him he had lost his case on the merits and that in order to save his home from foreclosure, he needed to file for bankruptcy. On July 25, 2006, Richardson filed a Chapter 13 bankruptcy on behalf of Straub (the “2006 Bankruptcy”). The filing fees for the 2006 Bankruptcy were not paid timely and thus, the 2006 Bankruptcy was dismissed on October 23, 2006.
Thereafter, on or about November 10, 2006, Richardson terminated the attorney client relationship with Straub due to his failure to pay her attorney fees. Also, in early November, 2006, Straub began seeking the assistance of new counsel. Richardson’s representation of Straub on all matters therefore concluded in November, 2006. Shortly thereafter, Straub engaged new counsel to file a new Chapter 13 bankruptcy on his behalf |s(the “2007 Bankruptcy”). The 2007 Bankruptcy is still pending. On April 10, 2007, Straub’s new attorney also filed, in the Blue View Case, a petition to annul the summary judgment rendered in favor of Blue View. Ultimately, the petition to annul was dismissed on an exception of no cause of action.
On July 14, 2008, Straub filed this lawsuit alleging various acts of legal malpractice by Richardson in connection with her representation of Straub in the Blue View Case and the 2006 Bankruptcy-
In response to Mr. Straub’s petition for damages, Richardson filed an exception raising the objection of peremption, arguing that Mr. Straub’s claims for legal malpractice against Richardson were per-empted pursuant to La. R.S. 9:5605. The matter proceeded to a hearing before the trial court on March 28, 2011, at which time argument and documentary evidence were presented. After considering same, the trial court rendered judgment grant *551 ing Richardson’s peremption exception and dismissing Mr. Straub’s claims with prejudice. Judgment was signed in accordance with the trial court’s findings on April 11, 2011. This appeal by Mr. Straub followed, wherein he assigned the following specification of error for our review: “The trial court erred in sustaining the Exception of Peremption filed by [Richardson] and in holding that [11 U.S.C.A.] § 108 [2] of the Bankruptcy Code did not apply to a Chapter 13 debtor in possession to extend the applicable peremptive period until two years after the filing of a Chapter 13 bankruptcy petition.”
DISCUSSION
On appeal, Mr. Straub urges this court to interpret 11 U.S.C.A. § 108 so that it applies to a Chapter 13 debtor such as himself and extends the peremptive period applicable to legal malpractice actions beyond the periods provided in La. R.S. 9:5605. While acknowledging there are no reported eases on whether § 108 applies to a Chapter |413 debtor, Mr. Straub notes the split among the bankruptcy court decisions on this very issue.[3] Moreover, Mr. Straub directs this court’s attention to Stanley ex rel. Estate of Hale v. Trinch-ará, 579 F.3d 515 (5th Cir.2009), wherein the United States Fifth Circuit Court of Appeal determined that the legal malpractice claims brought by a bankruptcy trustee were governed by § 108 rather than by Louisiana’s one-year peremptive period.[4]
Citing this court’s opinion in State v. Gonzalez-Perez, 2007-1813, p. 10 (La.App. *552 1 Cir. 2/27/08), 997 So.2d 1, 7, writ denied, 2009-0292 (La.12/18/09), 23 So.3d 930, Richardson asserts there is a presumption that Congress does not intend to preempt state law, unless it speaks with clarity otherwise. Richardson maintains that § 108 does not apply to the instant case because by the plain language of the statute, it only applies to a bankruptcy trustee and not to a debtor in possession. Further, Richardson contends that Mr. Straub was aware of his claims by November 2006, but chose not to file suit until July 2008. Thus, Richardson argues, pursuant to La. R.S. 9:5605 Mr. Straub’s claims are perempted.
We must first look to the well-established principle of statutory construction that absent clear evidence of a contrary legislative intention, a statute should be interpreted 15according to its plain language. Cleco Evangeline, LLC v. Louisiana Tax Com’n, 2001-2162, p. 5 (La.4/3/02), 813 So.2d 351, 354. 'When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. Civ.Code art. 9. With these principles in mind, we conclude that applying the plain language of 11 U.S.C.A. § 108 of the Bankruptcy Code, a Chapter 13 debtor is not entitled to the benefit of the § 108 two-year extension as is a bankruptcy trustee. Moreover, because there has been no declaration to the contrary, the presumption is that Congress did not intend to preempt state law with regard to this issue. See Gonzalez-Perez, 2007-1813 at 10, 997 So.2d at 7. However, our inquiry does not end here. We next turn to the consideration of whether Mr. Straub’s claims were perempted pursuant to La. R.S. 9:5605.
Peremption is a period of time fixed by law for the existence of a right. The right is extinguished upon the expiration of the peremptive period. La. Civ.Code art. 3458. When the peremptive period has run, the cause of action itself is extinguished unless timely exercised. State Through Div. of Admin, v. McInnis Bros. Const., 97-0742, p. 2 (La.10/21/97), 701 So.2d 937, 939. “Peremption may not be renounced, interrupted, or suspended.” La. Civ.Code art. 3461.
Peremption is considered a peremptory exception. La. Code Civ. Proc. art. 927. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Carter v. Hay-good, 2004-0646, p. 8 (La.1/19/05), 892 So.2d 1261, 1267. Peremption has been likened to prescription; namely, it is prescription that is not subject to interruption or suspension. See Flowers, Inc. v. Rausch, 364 So.2d 928, 931 (La.1978). As such, the following rules governing the burden of proof as to prescription apply to peremption.
If prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. Carter, 2004-0646 at 9, 892 So.2d at 1267. If evidence is introduced at the hearing on the peremptory exception of prescription, the trial court’s findings of fact are reviewed under the manifest er-rorjclearly6 wrong standard of review. Id. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even *553 though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882-888 (La.1993).
In pertinent part, La. R.S. 9:5605 provides the peremptive period to initiate an action for legal malpractice as follows:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
Thus, the applicable time limitations on legal malpractice actions are one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, or, at the latest, within three years from the date of the alleged act, omission, or neglect. La. R.S. 9:5605(A). In other words, the latest one can file a legal malpractice action is three years from the date of the alleged act of malpractice, or one year from the date of discovery of the alleged act of malpractice, whichever occurs first. Paternostro v. LaRocca, 2001-0333, p. 5 (La.App. 1 Cir. 3/28/02), 813 So.2d 630, |7634. Prescription commences to run when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice. Id. The standard imposed is that of a reasonable man-any plaintiff who had knowledge of facts that would place a reasonable man on notice that malpractice may have been committed shall be held to have been subject to the commencement of prescription by virtue of such knowledge even though he asserts a limited ability to comprehend and evaluate the facts. Id.; Carroll v. Wolfe, 98-1910, p. 6 (La.App. 1 Cir. 9/24/99), 754 So.2d 1038, 1041. The focus is on the appropriateness of the claimant’s actions or inactions, and therefore, the inquiry becomes when would a reasonable man have been on notice that malpractice may have been committed. Patemostro, supra.
After considering the evidence in this case, the trial court gave the following oral reasons for judgment:
*554 The suit arises from a legal malpractice claim asserted by the plaintiff against the defendant in connection with her representation of Straub in a suit to enforce a security interest filed by Blue View Corporation, as well as a subsequent bankruptcy. As a result of the alleged acts of legal malpractice in the Blue View matter and his 2006 bankruptcy, Mr. Straub contends that he suffered entry of an in personam judgment on a claim that was discharged in his 2000 Chapter 7 bankruptcy case, as well as the damages in the form of costs and attorney’s fees and emotional distress.
In the instant motion, the defendant contends that Straub’s claims for legal malpractice are preempted [sic] under [La. R.S.] 9:5605 which provides a one-year peremptive period for legal malpractice claims....
[[Image here]]
Accrual of the one-year peremptive period set forth in [La. R.S. 9:5605] commences when a claimant knew or should have known of the existence of the facts that would have enabled him to state a cause of action for legal malpractice. Ignorance of one’s right from those facts will not toll prescription. The reasonable man is used to determine whether the plaintiff had sufficient knowledge of the existence of those facts that would give legal rise to the malpractice action.
Mr. Straub began investigating possibly hiring a new counsel due to his dissatisfaction with the representation of Ms. Richardson in November of 2006; see the deposition of David Straub. Mr. Straub did, in fact, have knowledge which he alleges gives rise to the instant claims in 2006, as he was present in a meeting pertaining to his 2006 bankruptcy when Ms. Richardson was not. He became dissatisfied with Ms. Richardson and took steps to seek legal advice in 2006.
InThe instant suit was filed on July 14, 2008, more than 19 months after Mr. Straub first admits being dissatisfied with Ms. Richardson’s representation. Further, he admits that he felt it was a mistake on Ms. Richardson’s part to not appear at a bankruptcy meeting on September 18th, which was approximately 22 months before he filed suit.
The plaintiff relies on Section 108(A) of the Bankruptcy Code which has been previously held to preempt [La. R.S.] 9:5605 when applied to cases involving trustees. However, Mr. Straub is a Chapter 13 debtor and not a trustee. Accordingly, this Court finds that Section 108(A) of the Bankruptcy Code does not apply, and does not preempt [La. R.S.] 9:5605 in the instant suit.
The Court notes that [La. R.S.] 9:5605 clearly and unequivocably states that the one-year and three-year periods of limitation provided in subsection-A of this section are peremptive periods within the meaning of Civil Code article 3458, and, in accordance with Civil Code article 3461, may not be renounced, interrupted or suspended.
Accordingly, the Court is going to grant the exception of peremption dismissing the plaintiffs claims with prejudice at the plaintiffs costs.
The trial court concluded that Mr. Straub had sufficient knowledge of the alleged acts of malpractice by Richardson for more than one year prior to the filing of his petition. Based on our review of the record in this matter, we are satisfied that a reasonable factual basis exists for the trial court’s findings in this regard. Not only is the evidence overwhelmingly in support of the trial court’s conclusion, but also the trial court’s reasonable evaluations of credibility and reasonable inferences of fact *555 must be afforded great deference. The trial court did not err in granting Richardson’s peremption and dismissing Mr. Straub’s claim with prejudice.
CONCLUSION
For the above and foregoing reasons, we affirm the April 11, 2011 judgment of the trial court. All costs associated with this appeal are assessed against plaintiff-appellant, David R. Straub, Sr.
AFFIRMED.

. This brief recitation of the facts is taken from Richardson's Memorandum In Support Of Peremption, and all internal record references have been removed for clarity.

. § 108 of the Bankruptcy Code provides, in pertinent part, as follows:
(a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) two years after the order for relief.

. See Estate of Carr ex rel. Carr v. U.S., 482 F.Supp.2d 842, 850 (W.D.Tex.2007) (finding that in the context of bankruptcies filed under Chapter 13, the extension offered by § 108 is available to trustees only and not to Chapter 13 debtors); In re Ranasinghe, 341 B.R. 556, 564-568 (Bankr.E.D.Va.2006) (detailing the issue of whether a Chapter 13 debtor is entitled to the § 108 extension and concluding that he is not); In re Craig, 1 B.R. 864, 865-866 (Bankr.E.D.Tenn.1980) (noting that § 108 was not meant to extend the time for debtors to file suit); In re McConnell, 390 B.R. 170, 179-180 (Bankr.W.D.Pa.2008) ("[although less clear than in the Chapter 11 context, there is no reason why Section 108 of the Bankruptcy Code should not also apply to Chapter 13 debtors-in-possession prosecuting estate property, as the debtor is the representative of the estate in prosecuting the action.”); Thomas v. GMAC Residential Funding Corp., 309 B.R. 453, 457 (D.Md.2004) (permitting chapter 13 debtor to invoke the 60-day extension of § 108 to preserve a claim for rescission under the Truth in Lending Act).

.In Trinchará, the bankruptcy trustee brought legal malpractice claims against a law firm and attorneys who defended the debtor in a pre-petition civil rights action. The cause of action for legal malpractice arose in March 2001, the debtor filed bankruptcy in October 2001, and Louisiana's per-emptive statute expired in March 2002. The trustee filed the complaint in April 2002, after the peremptive statute expired, but before the § 108 extension period expired in October 2003. The district court granted summary judgment in favor of the attorneys, finding that Louisiana’s peremptive period, and not § 108, governed the estate’s malpractice claim. The Fifth Circuit reversed, finding that the malpractice claims were governed by § 108 rather than Louisiana's one-year per-emptive statute. Trinchará, 579 F.3d at 516. On appeal, the issue was framed as follows: “The question here is whether Louisiana's peremptive statute, which controls the estate's claim is somehow exempt from § 108 because of its status as a statute of repose.” Id. at 518. The court answered this question in the negative: "Because Congress expressed an *552 overriding and unqualified interest in allowing bankruptcy trustees sufficient time to discover causes of action on behalf of their estates, we hold that § 108(a) of the Bankruptcy Code, 11 U.S.C. § 108(a), extended Louisiana's legal malpractice peremption period.” Id. at 516.