Opinion issued November 5, 2009
 












     


In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00464-CV




RODNEY TOW, AS TRUSTEE OF THE BANKRUPTCY ESTATE OF
ERWINA CONSUNJI AND BERNARDINO CONSUNJI, Appellant

v.

SCOTT K. PAGANO, D.C. AND CAMPBELL CHIROPRACTIC CLINIC,
P.C., D/B/A CAMPBELL CHIROPRACTIC WELLNESS CENTER,
Appellees




On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2006–23838




O P I N I O N

          In this medical malpractice suit, the trial court granted summary judgment in
favor of defendant/appellees, Scott K. Pagano, D.C. (“Dr. Pagano”) and Campbell
Chiropractic Clinic, P.C., d/b/a Campbell Chiropractic Wellness Center (“Campbell
Chiropractic Clinic”), against plaintiff/appellant, Rodney Tow, as Trustee of the
Bankruptcy Estate of Erwina Consunji and Bernardino Consunji (“Tow”). The trial
court’s order identifies two grounds supporting summary judgment against Tow. The
order states that Tow’s claims are barred by the statute of limitations or, alternatively,
by the doctrine of judicial estoppel. On appeal, Tow asserts two issues challenging
each ground supporting summary judgment.
          We reverse and remand. 
Factual & Procedural Background
          In April and May of 2004, Bernardino Consunji sought treatment from Dr.
Pagano, a chiropractor, at the Campbell Chiropractic Clinic. On November 30, 2004,
Consunji notified Dr. Pagano and the Campbell Chiropractic Clinic that he had
sustained injuries during his treatment at the clinic and that the injuries were caused
by Dr. Pagano’s negligence. 
          On October 15, 2005, Consunji and his wife, Erwina, filed for Chapter 7
bankruptcy. The Consunjis did not list the medical liability claim against Dr. Pagano
and Campbell Chiropractic Clinic as an asset in their bankruptcy schedules.           On April 18, 2006, Consunji filed a medical malpractice suit in state court
against Dr. Pagano and Campbell Chiropractic Clinic (hereinafter collectively
“appellees”). At that time, the bankruptcy case remained pending. Consunji did not
inform the bankruptcy trustee, Rodney Tow, of the suit’s filing. 
          The Consunjis received a no-asset discharge on May 5, 2006, and the
bankruptcy case was closed. Trustee Tow did not learn of the Consunji’s medical
liability claim during the pendency of the bankruptcy case. 
          On October 10, 2006, appellees filed a motion for summary judgment against
Consunji. Appellees asserted that Consunji’s medical liability claim was barred by
judicial estoppel because he had not disclosed the claim in the bankruptcy
proceeding. 
          Tow first learned of Consunji’s pending lawsuit and the medical liability claim
on October 18, 2006. Based on this newly learned information, Tow filed an
emergency motion to reopen the bankruptcy case, which was granted by the
bankruptcy court. 
          On October 27, 2006, a first amended petition was filed in the medical liability
suit, adding Tow as a plaintiff. Tow alleged that he was “the duly appointed Chapter
7 trustee of the bankruptcy estate.” He further alleged that when the Consunjis filed
for bankruptcy, all of their assets, including the causes of action asserted in the
lawsuit, “vested in” the bankruptcy estate. The petition averred that Tow, as the
bankruptcy trustee, “is the owner of all such assets and causes of action and is duly
authorized to pursue them on behalf of the [bankruptcy] estate.” 
          On November 3, 2006, the trial court granted appellees’ motion for summary
judgment against Consunji on the ground that his claims were barred by judicial
estoppel. Tow’s claim on behalf of the bankruptcy estate remained pending. 
          Appellees filed a second motion for summary judgment. Appellees asserted
that judicial estoppel extended to bankruptcy trustee Tow. They argued that judicial
estoppel bars Tow’s pursuit of Consunji’s medical liability claim because, as trustee,
Tow “stepped into the shoes” of bankruptcy debtor Consunji. Appellees claimed that
Consunji’s failure to disclose the claims in the bankruptcy proceeding was imputed
to Tow and operated to bar Tow’s claims as well. 
          Tow replied that a bankruptcy trustee acquires the rights and liabilities of the
bankruptcy debtor at the time the bankruptcy petition is filed. Tow contended that
any conduct by the debtor post-petition, such as failing to disclose assets, is conduct
not imputed to the trustee. Tow pointed out that he had neither abandoned the
medical liability claim nor taken any position contrary to making the claim, conduct
he claimed necessary for judicial estoppel to bar his claim. 
          In their motion for summary judgment, appellees asserted, alternatively, that
Tow’s claims were barred by the two-year limitations period found in Texas Medical
Liability Act (“TMLA”) section 74.251(a). Appellees pointed out that Consunji
alleged he was injured by appellees’ negligent medical treatment on May 10, 2004. 
Under section 74.251(a), the two-year limitations period expired on May 10, 2006. 
Tow filed his claim as trustee on October 27, 2006.
          Appellees acknowledged that Bankruptcy Code section 108(a) provides that
if a limitations period has not expired before the filing of the bankruptcy petition, as
here, a trustee has two years from the filing of the bankruptcy petition to commence
an action. Under section 108(a), Tow had until October 15, 2007 to assert his claims
as bankruptcy trustee against appellees. If section 108(a) applied, Tow’s claims, filed
on October 27, 2006, were timely. 
          Appellees argued that section 108(a) did not extend the limitations period
beyond that provided in TMLA section 74.251(a). Appellees asserted that section
74.251(a)’s language indicates that the Texas Legislature intended the two-year
limitations period to be the “absolute” time period in which to file a medical liability
claim in Texas, regardless of Bankruptcy Code section 108(a). In support of their
position, appellees relied on language in section 74.251(a) that its provisions applied
“notwithstanding any other law.” 
          Appellees further asserted that Tow’s claims were time-barred because TMLA
section 74.251(a) is a statute of repose, not a statute of limitations. Appellees
contended that a statute of repose creates a substantive property right. Allowing Tow
to file suit would interfere with that right. 
          Relying on the Supremacy Clause of the federal constitution, Tow responded
that, to the extent that state statute conflicts with the federal Bankruptcy Code, section
108(a) preempts section 74.251(a). Tow asserted that preemption applied regardless
of whether section 74.251(a) is a statute of repose or a statute of limitations.           In further support of its limitations ground, appellees asserted that Tow did not
“step into the shoes” of Consunji when he entered the lawsuit. Rather, Tow and
Consunji are “separate legal entities.” Appellees pointed out that Consunji filed his
claims in his individual capacity for his own benefit, while Tow filed suit as trustee
for the benefit of the bankruptcy estate. Appellees asserted that, as a result, Tow’s
claims do not “relate back” to the filing of Consunji’s claims for limitations purposes.
Tow countered that, in the event section 108(a) was held not to extend the limitations
period, his claims did “relate back” to Consunji’s timely filed claim. Tow asserted
that he was properly substituted in as the real-party-in-interest in the amended
petition. 
          The trial court granted appellees’ Rule 166a(c) motion for summary judgment. 
In its order, the trial court specified that Tow’s claims were barred by the statute of
limitations or, alternatively, by the doctrine of judicial estoppel. Tow appeals,
challenging both summary judgment grounds.



Summary Judgment Standard
          The summary-judgment movant must conclusively establish its right to
judgment as a matter of law. See MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). 
Because summary judgment is a question of law, we review a trial court’s summary
judgment decision de novo. See Valence Operating Co. v. Dorsett, 164 S.W.3d 656,
661 (Tex. 2005). 
          To prevail on a “traditional” summary-judgment motion, asserted under Rule
166a(c), a movant must prove that there is no genuine issue regarding any material
fact and that it is entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c);
Little v. Tex. Dep’t of Criminal Justice, 148 S.W.3d 374, 381 (Tex. 2004). A
defendant moving for traditional summary judgment must either (1) disprove at least
one element of the plaintiff’s cause of action or (2) plead and conclusively establish
each essential element of an affirmative defense to rebut the plaintiff’s cause. See
IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason, 143 S.W.3d 794, 798
(Tex. 2004). A matter is conclusively established if reasonable people could not
differ as to the conclusion to be drawn from the evidence. See City of Keller v.
Wilson, 168 S.W.3d 802, 816 (Tex. 2005).
          In our review, we take the nonmovant’s competent evidence as true, indulge
every reasonable inference in favor of the nonmovant, and resolve all doubts in favor
of the nonmovant. Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 846
(Tex. 2005). We consider all grounds on which the trial court ruled that are preserved
for review and that are necessary for disposition of the appeal. Cincinnati Life Ins.
Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996). 
Judicial Estoppel
          In his first issue, Tow asserts that the trial court erred by granting summary
judgment because judicial estoppel does not prevent him, as bankruptcy trustee, from
prosecuting claims that Consunji did not disclose in the bankruptcy proceeding. 
A.      Legal Principles
          Because this issue arises in the bankruptcy context, we apply federal law to
decide whether judicial estoppel bars Tow’s claims. See Bailey v. Barnhart Interest,
Inc., 287 S.W.3d 906, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (applying
Fifth Circuit law to determine whether trustee’s state court claims were barred by
judicial estoppel because debtor failed to disclose claims in bankruptcy filings); see
also Brown v. Swett & Crawford of Tex., Inc., 178 S.W.3d 373, 380–81 (Tex.
App.—Houston [1st Dist.] 2005, no pet.) (utilizing Fifth Circuit law to determine
whether judicial estoppel applied to bar claims based on representations made in
bankruptcy petition). 
          The doctrine of judicial estoppel applies when a party seeks to bring a claim
that is inconsistent with a claim asserted in a prior proceeding. Kane v. Nat’l Union
Fire Ins. Co., 535 F.3d 380, 385 (5th Cir. 2008). The doctrine protects the integrity
of the judicial process by preventing a party from “playing fast and loose” with courts
to suit the party’s own purposes. Id. Generally, courts apply the equitable doctrine
when “intentional self-contradiction is being used as a means of obtaining unfair
advantage in a forum provided for suitors seeking justice.” In re Coastal Plains, Inc.,
179 F.3d 197, 206 (5th Cir. 1999); see Kane, 535 F.3d at 385. 
          The Fifth Circuit has recognized three particular requirements that must be met
for judicial estoppel to apply: “(1) the party is judicially estopped only if its position
is clearly inconsistent with the previous one; (2) the court must have accepted the
previous position; and (3) the non-disclosure must not have been inadvertent.” Kane,
535 F.3d at 386 (quoting In re Superior Crewboats, Inc., 374 F.3d 330, 334–35 (5th
Cir. 2004)). 
B.      Analysis
          Briefing in the trial court and on appeal focuses on whether judicial estoppel
bars Tow’s claims based on Consunji’s failure to list the medical liability claim in the
bankruptcy schedule. Appellees rely on In re Superior Crewboats to support their
argument that judicial estoppel bars Tow’s claims based on Consunji’s conduct. See
374 F.3d at 336. 
          In re Superior Crewboats involved debtors who pursued unscheduled claims
that the bankruptcy trustee had formally abandoned. See id. at 334–35. The Fifth
Circuit concluded that judicial estoppel barred the debtor’s pursuit of the claims
because such pursuit benefitted the debtors to the detriment of the creditors. See id.
at 336; see also In re Coastal Plains, Inc., 179 F.3d at 213 (holding that judicial
estoppel prevented corporate debtor’s CEO from benefitting from corporate debtor’s
earlier failure to disclose claim). The Superior Crewboats court further held that the
trustee’s motion to substitute as plaintiff for the debtors became moot once judicial
estoppel operated to bar the debtors’ claims. 374 F.3d at 336. 
          Appellees acknowledge that, unlike the trustee in Superior Crewboats, Tow
never abandoned the claims in this case. Nonetheless, appellees’ motion for summary
judgment asserted that judicial estoppel bars Tow’s claims because “a trustee steps
into the shoes of the debtor, assumes all rights and liabilities held by the estate at the
time of the bankruptcy filing, and is also subject to any defenses that could be
asserted against the debtor.” Appellees reasoned, “Thus, if judicial estoppel prevents
the debtor from pursuing a claim, then it will also prevent the trustee who has stepped
into the debtor’s shoes from pursuing the same claims.” 
          In his response, Tow countered, “As a matter law, upon commencement of a
bankruptcy case, the trustee, as the representative of the estate, steps into the shoes
of the debtor but only as to any rights and liabilities which the debtor possessed at the
time of filing the bankruptcy case.” Tow continued, “When a trustee prosecutes a
right of action derived from the debtor, the trustee stands in the shoes of the debtor,
subject to any pre-petition defenses.” Tow concluded, “In short, [appellees’]
argument that the Trustee is subject to any defenses that [appellees] would have
against [Consunji], including the post-petition failure to disclose an asset, is simply
incorrect.” 
          The law supports Tow’s position. Under Bankruptcy Code section 541,
Consunji’s medical liability claim vested in the bankruptcy estate when Consunji 
filed his bankruptcy petition. See 11 U.S.C. § 541(a)(1) (2006) (providing that
bankruptcy estate includes “all legal or equitable interest of the debtor in property as
of the commencement of the case”); see also Kane, 535 F.3d at 385. Because the
medical liability claim belongs to the bankruptcy estate, Tow, as trustee, is the real
party in interest and the only party with standing to assert the claim. See 11 U.S.C.
§§ 323, 541(a)(1); see also Kane, 535 F.3d at 385. The filing of the bankruptcy
petition extinguished all of Consunji’s rights in the medical liability claim. See
Parker v. Wendy’s Int’l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004). The claim would
have reverted to Consunji had Tow abandoned it under Bankruptcy Code section 554;
however, no such abandonment occurred. See 11 U.S.C. § 554 (2006). Consunji’s
failure to list the claim on the bankruptcy schedule leaves the claim in the bankruptcy
estate. See Kane, 535 F.3d at 385; Parker, 365 F.3d at 1272. When Consunji received
his bankruptcy discharge, the medical liability claim remained the property of the
estate, even though it was unscheduled and not administered. See 11 U.S.C. § 554(d);
Kane, 525 F.3d at 385; Parker, 365 F.3d at 1272. Taken together, the facts and
applicable law compels the conclusion that judicial estoppel cannot be applied against
Tow based on Consunji’s post-bankruptcy failure to disclose the claim. See Parker,
365 F.3d at 1272; see also Bank of Marin v. England, 385 U.S. 99, 101, 87 S. Ct. 274,
276 (1966) (“The trustee succeeds only to such rights as the bankrupt possessed; and
the trustee is subject to all claims and defenses which might have been asserted
against the bankrupt but for the filing of the petition.”). 
          Significantly, since the parties filed their appellate briefing, the Fifth Circuit,
in Kane v. National Union Fire Insurance Co., answered the question at issue in this
appeal: whether judicial estoppel precludes a Chapter 7 trustee from pursuing an
undisclosed, pre-petition tort claim that was never administered or abandoned by the
trustee. See 535 F.3d at 388. In deciding the issue, the Fifth Circuit discussed, and
ultimately distinguished, In re Superior Crewboats. See id. at 386–87. 
          The Kane court explained, “In In re Superior Crewboats, Inc., we were asked
only to consider whether debtors could pursue claims for their own benefit that they
failed to disclose in their bankruptcy schedules.” Id. at 386. “[B]ecause the
[Superior Crewboats] trustee had abandoned the claim, he was not the real party in
interest and was not entitled to be substituted as such.” Id. “Rather, following the
trustee’s abandonment, the interest in the claim had reverted to the debtors, who then
stood to collect a windfall from their failure to schedule the asset at the expense of
their creditors.” Id. at 386–87. 
          The Kane court recognized the distinction between the underlying
circumstances in that case and those underlying In re Superior Crewboats. The court 
wrote, “In the case before us, the Kanes’ personal injury claim became an asset of
their bankruptcy estate when they filed their Chapter 7 petition. The Trustee became
the real party in interest in the Kanes’ lawsuit at that point and never abandoned his
interest therein.” Id. at 387. 
          The Kane court then explained the significance of the distinction:
Thus, unlike in In re Superior Crewboats, Inc.—where the debtors stood
to benefit directly from pursuing their claim at the expense of their
creditors, and the district court’s dismissal of the claim against the
debtors mooted the trustee’s motion to substitute as a matter of
law—here, the Trustee is the real party in interest and has reopened the
Kanes’ Chapter 7 bankruptcy to pursue the Kanes’ claim for the benefit
of the estate’s creditors.
Id. The Kane court concluded that In re Superior Crewboats did not require the
application of the equitable doctrine of judicial estoppel to bar the trustee’s pursuit
of the debtor’s undisclosed claims. See id. The court further concluded that “the only
way the Kanes’ creditors would be harmed is if judicial estoppel were applied to bar
the Trustee from pursuing the claim against Defendants on behalf of the estate.” See
id. The court noted, “In this case, equity favors the Trustee.” See id. In closing, the
Kane court held that In re Superior Crewboats did “not control the outcome” of the
case. See id. at 388
          We now apply the Fifth Circuit’s analysis in Kane to the facts at hand. See
Bailey, 287 S.W.3d at 913. 
          After the Consunjis filed their bankruptcy petition, Consunji’s medical liability
claim vested in the bankruptcy estate. See Kane, 535 F.3d at 385. Tow, as trustee
and the representative of the bankruptcy estate, became the real party in interest; he
was the only party with standing to prosecute the claim. See id. Consunji’s filing of
the bankruptcy petition extinguished his rights in the claim, unless the claim was
abandoned by Tow. See id. It is undisputed that Tow never abandoned the medical
liability claim. Instead, Tow reopened the bankruptcy and actively pursued the claim
for the benefit of the estate’s creditors. See id.
          In addition, there is no showing that Consunji will directly benefit at the
expense of the creditors from the Tow’s pursuit of the medical liability claims. See
id. at 387. Although Consunji may benefit to the extent there is a surplus after all
debts and fees have been paid, the Consunjis’ creditors would be harmed if judicial
estoppel prevented Tow from pursuing the claims. See id. at 387. As in Kane, equity
favors the trustee in this case. See id. 
          Following Kane, we conclude that appellees have not satisfied their summary
judgment burden to show that the doctrine of equitable estoppel bars Tow’s pursuit
of Consunji’s medical liability claim as a matter of law. See Bailey, 287 S.W.3d at
913 (following Kane and reversing summary judgment against trustee that was based
on judicial estoppel). Therefore, we hold that the summary judgment was not
appropriate based on judicial estoppel. See id. To the extent that it based summary
judgment on judicial estoppel, the trial court erred.
          We sustain Tow’s first issue.
Limitations Period
          In his second issue, Tow contends that the trial court erred by granting
summary judgment on the ground that his medical liability claim is barred by the
statute of limitations. 
A.      The Statutes
          In their summary judgment briefing, appellees maintained that TMLA section
74.251(a) determines the period during which Tow had to file his claim as trustee. 
Appellees recognized, but then denied, the application of Bankruptcy Code section
108(a) to extend section 74.251(a)’s limitations period. Tow responded that
Bankruptcy Code section 108(a) determines the period during which he could file the
medical liability claim on behalf of the bankruptcy estate. 
          TMLA 74.251(a) provides, 
(a) Notwithstanding any other law and subject to Subsection (b), no
health care liability claim may be commenced unless the action is filed
within two years from the occurrence of the breach or tort or from the
date the medical or health care treatment that is the subject of the claim
or the hospitalization for which the claim is made is completed;
provided that, minors under the age of 12 years shall have until their
14th birthday in which to file, or have filed on their behalf, the claim.
Except as herein provided this section applies to all persons regardless
of minority or other legal disability.
Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a) (Vernon 2005).
          Consunji alleged that he was injured by appellees’ negligent treatment on May
10, 2004. The two-year limitations period prescribed in section 74.251(a) expired on
May 10, 2006. Appellees assert that Tow’s claim, filed on October 27, 2006, was
untimely under section 74.251(a). 
          Bankruptcy Code section 108(a) provides, 
(a) If applicable nonbankruptcy law, an order entered in a
nonbankruptcy proceeding, or an agreement fixes a period within which
the debtor may commence an action, and such period has not expired
before the date of the filing of the petition, the trustee may commence
such action only before the later of—
 
(1) the end of such period, including any suspension of
such period occurring on or after the commencement of the
case; or 
 
(2) two years after the order for relief.


 
11 U.S.C. § 108(a). 
          Simply stated, Bankruptcy Code section 108(a) allows a trustee to commence
an action on behalf of the debtor’s estate within the period allowed by state law for
such an action or within two years after the filing of a petition for bankruptcy,
whichever is later. See id.; see also 11 U.S.C. § 301 (2006). Here, the Consunjis
filed their bankruptcy petition on October 15, 2005. Tow contends that section
108(a) extended the period for him to commence the medical liability action on behalf
of the bankruptcy estate until October 15, 2007. Tow maintains that his assertion of
the medical liability claim against appellees on October 27, 2006 was timely under
section 108(a). 
B.      Analysis
          To support summary judgment, appellees asserted in the trial court that section
108(a) does not extend the limitations period because section 74.251(a) sets forth an
“absolute” two-year limitations period. Appellees maintained that the absolute nature
of the limitations period is shown by section 74.251(a)’s language that,
“notwithstanding any other law,” no health care liability claim may be commenced
beyond the specified two-year limitations period. Appellees pointed to Bala v.
Maxwell in which the Texas Supreme Court held, based on the “notwithstanding any
other law” language, that the limitations provision of section 74.251(a) governed over
the limitations provision of the Texas wrongful death statute. 909 S.W.2d 889,
892–93 (Tex. 1995). 
          Appellees also stressed the important underlying policy reasons for TMLA’s
enactment as support for their position that section 74.251(a)’s limitations provision
governs over that of section 108(a). Appellees pointed out that the Supreme Court
of Texas has acknowledged that the impetuses for the enactment of the predecessor
statutes of TMLA were concerns over insurance rates and the cost of healthcare. See
Sax v. Votteler, 648 S.W.2d 661, 666 (Tex. 1983). Appellees also pointed to the 
supreme court’s comment in Morrison v. Chan regarding a TMLA predecessor
statute: “The Legislature enacted the Medical Liability and Insurance Improvement
Act to alleviate a perceived medical malpractice insurance crisis in the State of Texas. 
In an effort to accomplish this goal, the Legislature adopted an absolute two-year
limitations period.” 699 S.W.2d 205, 208 (Tex. 1985). 
          Appellees also stressed that the legislature crafted section 74.251(a) in a
fashion to make the discovery rule inapplicable to medical liability claims. Again,
appellees suggested this evinces the legislature’s intent that section 74.251(a) be the
only statute of limitations applicable to medical liability claims. 
          Lastly, appellees asserted that section 108(a) cannot extend the limitations
period found in TMLA because section 74.251(a) is a statute of repose, not a statute
of limitations. Appellees argued that, as a statute of repose, section 74.251(a) creates
a substantive right to be free from liability after the expiration of the legislatively
defined two-year period. Appellees’ intimate that section 108(a) cannot be applied
to a statute of repose because such application would infringe on appellees’
substantive property rights. 
          In Stanley v. Trinchard, the Fifth Circuit recently decided whether section
108(a) applies to a state statute of repose. 579 F.3d 515 (5th Cir. 2009). Stanley is
instructive not only in our determination of the statute-of-repose sub-issue, but also
in determining generally the issue of whether section 108(a) extends the limitations
period in this case. 
          In Stanley, the bankruptcy trustee sued Trinchard, an attorney, in federal
district court on behalf of the debtor’s estate, asserting claims for legal malpractice. 
Id. at 516. Trinchard moved for summary judgment on the ground that the trustee’s
lawsuit was barred by Louisiana’s one-year peremptive period for legal malpractice
claims.


 See id. at 517. The district court granted summary judgment, and the trustee
appealed to the Fifth Circuit. See id. 
          On appeal, the issue was framed as follows: “The question here is whether
Louisiana’s peremptive statute, which controls the estate’s claim, is somehow exempt
from § 108 because of its status as a statute of repose.” Id. at 518. The court
answered this question in the negative: “Because Congress expressed an overriding
and unqualified interest in allowing bankruptcy trustees sufficient time to discover
causes of action on behalf of their estates, we hold that § 108(a) of the Bankruptcy
Code, 11 U.S.C. § 108(a), extended Louisiana’s legal malpractice peremption
period.” Id. at 516.
          In support of its holding, the Fifth Circuit provided the following analysis:
The subject of bankruptcy falls within the express constitutional powers
of Congress, and bankruptcy law therefore takes precedence over state
laws under the Supremacy Clause. U.S. Const., art. VI. Section 108(a)
is written broadly to extend any “period [fixed inter alia by ‘applicable
nonbankruptcy law’] within which the debtor may commence an action.”
The statute’s clear purpose is to afford bankruptcy trustees extra time to
assess and pursue potential assets of the debtor’s estate. Congress drew
no distinction among the state law vehicles that govern time limits for
filing suit, whether statutes of limitations or prescription, repose or
peremption. The language of Section 108(a) compels the conclusion
that Congress expressly extended the time for pursuing any action that
would otherwise be time-barred under state law.
Id. at 519. 
          We agree with the Fifth’s Circuit’s analysis. Section 108(a)’s purpose is self-evident: it is to provide the trustee with additional time to evaluate and to prosecute
the debtor’s potential claims as assets of the bankruptcy estate. Equally as clear, as
noted by the Fifth Circuit, is that section 108(a)’s application is without qualification.
Under its plain language, section 108(a) applies to all statutes defining a time period
for filing suit. Section 108(a) makes no exception for statutes of repose.


 Nor does
it restrict its application to statutes of limitations. 
          In addition, section 108(a) does not exclude from its reach statutes that serve
to advance an important state interest such as regulation of heath care liability. In
short, Congress did not make the application of section 108(a) dependent on the
limitation statute’s nature, type, language, or underlying purpose. The Fifth Circuit
correctly concluded, “The language of Section 108(a) compels the conclusion that
Congress expressly extended the time for pursuing any action that would otherwise
be time-barred under state law.” Id. (emphasis added).
          Further, we note that section 74.251(a)’s “notwithstanding any other law”
language does not in any fashion trump the language of section 108(a). To the
contrary, “state law is naturally preempted to the extent of any conflict with a federal
statute.” Crosby v. Nat’l Foreign Trade Council, 530 U.S. 363, 372, 120 S. Ct. 2288,
2294 (2000). The United States Supreme Court has explained that preemption will
be found when, “under the circumstances of a particular case, the challenged state law
stands as an obstacle to the accomplishment and execution of the full purposes and
objectives of Congress.” Id. at 373, 120 S. Ct. at 2294 (citing Hines v. Davidowitz,
312 U.S. 52, 66–67, 61 S. Ct. 399 (1941)). 
          Here, reading section 74.251(a)’s “notwithstanding any other law” language
to require application of that statute’s limitations period to Tow’s claims would stand
as an obstacle to the accomplishment of Congress’s full purposes and objectives
under section 108(a). As discussed, section 108(a)’s plain language makes clear that
Congress’s objective of enactment was to provide the bankruptcy trustee with
sufficient time to evaluate and to pursue causes of action for the benefit of the
bankruptcy estate. Congress determined that sufficient period of time to be two years
from the filing of the bankruptcy petition. In this case, applying section 74.251(a)’s
limitations period would reduce Tow’s post-bankruptcy time to bring suit from two
years, under section 108(a), to seven months. Allowing section 74.251(a) to shorten
the time period specifically defined by Congress would subvert the underlying
purpose of section 108(a), frustrate Congress’s overriding objective, and create a
direct conflict with section 108(a). 
          To the extent that it conflicts with section 108(a), section 74.251(a) is
preempted. Section 108(a) extends section 74.251(a)’s limitations period. Tow had
until October 15, 2007 to commence the medical liability action on behalf of the
bankruptcy estate.


 Thus, his October 27, 2006 claim was timely filed.
          We conclude that appellees are not entitled to summary judgment based on
limitations.


 To the extent that it based summary judgment on appellees’ limitations
defense, we hold that the trial court erred. 
          We sustain Tow’s second issue. 
 

Conclusion
          We hold that appellees were not entitled to summary based on judicial estoppel
or based on limitations. We reverse the judgment of the trial court and remand for
further proceedings.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Higley, Sharp, and Mirabal.