**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00004-CV**
_____

**DEWAYNE MURRAY, IN HIS CAPACITY AS THE CHAPTER 7
TRUSTEE OF THE BANKRUPTCY ESTATE OF
SHERMAN ROBINSON, Appellant**

**V.**

**DESMOND POLLARD, SCHNEIDER NATIONAL CARRIERS, INC.,
OLD REPUBLIC INSURANCE COMPANY, AND
INS INSURANCE, INC., Appellees**

_____

**On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-200781**
_____

**MEMORANDUM OPINION**

Appellant Dewayne Murray, in His Capacity as the Chapter 7 Trustee of the

Bankruptcy Estate of Sherman Robinson ("Appellant" or "Murray") appeals from

the trial court's "Order Denying Bill of Review." The Bill of Review filed by Murray

in the trial court sought to vacate a nonsuit. We dismiss the appeal for lack of

jurisdiction, as explained below.

1

Procedural Background

<u>The Original Lawsuit</u>

The underlying lawsuit concerns injuries Sherman Robinson ("Robinson" or "Plaintiff") allegedly sustained in a car accident that occurred on October 5, 2015. After the car accident but before Robinson filed a lawsuit related to the car accident, Robinson filed a Voluntary Petition for Chapter 7 Bankruptcy on February 18, 2016, in the U.S. Bankruptcy Court for the Middle District of Louisiana.

On March 2, 2016, Robinson signed an agreement for attorney George Tucker ("Tucker") to represent him on the October 2015 car accident. On September 21, 2016, Murray was appointed as Bankruptcy Trustee ("Trustee") for Robinson's bankruptcy estate. On May 17, 2017, the Trustee filed a motion with the Bankruptcy Court to approve the employment of attorney Tucker as special counsel to pursue Robinson's personal injury claim in connection with the October 2015 collision, which included a copy of Tucker's contract for representation of Robinson.

Robinson filed an Original Petition on October 4, 2017, in Jefferson County District Court, and the case was assigned trial cause number D-200781. Robinson named Desmond Pollard ("Pollard"), Schneider National Carriers, Inc. ("Schneider"), Old Republic Insurance Company ("Old Republic"), and INS Insurance, Inc. ("INS") as defendants. Robinson alleged that Pollard was driving the vehicle that struck Robinson's vehicle and that Pollard's vehicle was owned by

Schneider and was insured by Old Republic and INS. The Petition was filed pro se, but with attorney Tucker's address.

After filing a general denial answer, on November 3, 2017, Old Republic and INS filed a Rule 91a Motion to Dismiss, alleging that Robinson had not stated any claims against them in his Original Petition[1] and because a suit against an insurer before liability has been determined is subject to dismissal.

Plaintiff's Nonsuit

On November 28, 2017, Robinson filed Plaintiff's Motion to Non-Suit Without Prejudice as to defendants Schneider, Old Republic, and INS. The nonsuit was signed by attorney Wendle Van Smith ("Van Smith"). At the same time, Van Smith filed a notice that he was serving as lead counsel for Robinson. The trial court signed an order granting the nonsuit without prejudice on November 29, 2017.

On August 17, 2018, Plaintiff filed a Motion for Continuance stating that "bankruptcy counsel must obtain approval through the bankruptcy court prior to the hearing [and] bankruptcy counsel must be named in this cause of action." The trial court granted the Motion for Continuance, and a hearing on the defendants' Motion to Dismiss was reset for September 19, 2018.

---

[1] Although Robinson named Schneider, Old Republic, and INS as defendants in his Original Petition, the Petition only stated a claim for negligence against Pollard.

On August 28, 2018, Plaintiff filed a "First Supplemental and Amending Petition for Damages[.]" Therein, Plaintiff explained that his bankruptcy case had been converted from a Chapter 7 case to a Chapter 13 case and that Murray was the Trustee acting on behalf of Robinson's bankruptcy estate. The pleading stated that "Murray has been consulted and agreed to act as plaintiff in this matter on behalf of the estate of [] Robinson and as Bankruptcy Trustee."

Murray Intervention and Attempt to Rejoin Nonsuited Defendants

On September 5, 2018, Murray as Trustee filed a Motion to Intervene and Substitute in as Plaintiff. The Motion to Intervene asserted that the Trustee had exclusive standing to prosecute the tort claim and that Robinson's claim was the property of the bankruptcy estate.

On September 10, 2018, Plaintiff Dewayne M. Murray, in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Sherman Robinson, & Sherman Robinson, individually, filed a "Second Supplemental and Amending Petition for Damages[.]" This pleading sought to add Schneider, Old Republic, and INS back into the case as defendants. The pleading stated a claim for negligence against Pollard and stated that the vehicle Pollard was driving when the collision occurred was owned by Schneider and insured by Old Republic and INS.

On September 14, 2018, Pollard filed a Response opposing Plaintiffs' attempt to amend the petition and to add Schneider, Old Republic, and INS back in as

4

defendants. The Response argued that Robinson had nonsuited these parties and was attempting to add them back in "almost 12 months after the statute of limitations expired[.]" The Response also challenged the Trustee's attempt to add itself as a plaintiff after the statute of limitations had run.

The trial court held a hearing on the pending motions on December 14, 2020. Attorneys Tucker, Van Smith, and Lindsey Scott appeared on behalf of Robinson, and attorney Ryan Richmond appeared on behalf of Murray as Trustee. The trial court began by noting that although Robinson and Murray had sought to add Schneider, Old Republic, and INS back in as defendants, the statute of limitations had passed. The Trustee argued that the Trustee had standing to add the parties back in irrespective of the previous dismissal because "the case is tolled once we file the lawsuit itself." The Trustee argued that 11 U.S.C. section 108(a)[2] of the Bankruptcy Code extends any applicable statute of limitations for an additional two years, so that the Trustee would have two years from when the lawsuit was filed (in October of 2016) to add in additional defendants—until October of 2018—and the amended

---

[2] "Bankruptcy Code section 108(a) allows a trustee to commence an action on behalf of the debtor's estate within the period allowed by state law for such an action or within two years after the filing of a petition for bankruptcy, whichever is later." *Tow v. Pagano*, 312 S.W.3d 751, 759-60 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing and explaining 11 U.S.C. § 108(a)); *see also Hoa Dao & Keystone Mgmt. v. Harris Cnty. Appraisal Dist.*, No. 01-17-00042-CV, 2017 Tex. App. LEXIS 10064, at *4 (Tex. App.—Houston [1st Dist.] Oct. 26, 2017, no pet.) (mem. op.) (same). Appellants' arguments on appeal do not rely on this section of the Bankruptcy Code.

pleading was filed within that period, in September of 2018. Pollard argued that the Trustee did not even attempt to intervene as a plaintiff until more than two years after the lawsuit was filed. Counsel for Pollard also argued that the Trustee's argument that it has "exclusive standing" to prosecute this lawsuit would mean that the lawsuit filed by Robinson would have to be dismissed for lack of standing, leaving only that portion of the lawsuit beginning when the Trustee sought to intervene. In response, the Trustee distinguished standing and capacity and argued that a debtor has standing to bring a claim even though he might lack capacity. Robinson argued that he personally would have exclusive standing as to any damages that exceed what is owed for "administrative fees, what the estate is entitled to, and what the creditors are entitled to."

On January 5, 2021, the trial court issued an Order in trial cause number D-200781 dismissing the Plaintiffs' attempt to rejoin Schneider, Old Republic and INS as defendants in the case. Thereafter, the Trustee asked the trial court to sever the claims against Schneider, Old Republic, and INS into a separate cause number so that it may become a final judgment, and the trial court severed the claims against Schneider, Old Republic, and INS into trial cause number D-200781-A.

On August 7, 9, and 10, 2023, the Trustee then filed Third, Fourth, and Fifth Amended Petitions attempting to add Schneider back into the case as a defendant

and claiming that Schneider, as Pollard's employer, was vicariously liable for Pollard's negligence.[3]

Bill of Review

On August 16, 2023, the Trustee filed an Original Petition for Bill of Review and Alternatively Motion to Vacate Non-Suit for Lack of Subject Matter Jurisdiction ("Bill of Review") in trial cause number D-200781. Therein, the Trustee alleged that the Trustee was the real party in interest and had "exclusive standing" to prosecute the claim and that when Van Smith filed the nonsuit against Schneider, Van Smith had not been approved by the bankruptcy court, as required by federal law. The Trustee further argued that lack of subject-matter jurisdiction rendered the nonsuit void and a nullity. The Trustee asked the trial court to issue an order declaring the nonsuit of Schneider void and to vacate Van Smith's nonsuit of defendant Schneider.

Pollard filed a response to the Bill of Review on November 14, 2023, asking the trial court to deny the Bill of Review. Pollard argued that: (1) the Trustee's Bill of Review was "procedurally improper" because a bill of review should be filed as a new lawsuit,[4] whereas the Trustee chose to file his Bill of Review in the same

---

[3] On January 5, 2023, Robinson filed a malpractice lawsuit in St. Helena Parish, Louisiana against attorney Tucker, and on April 7, 2023, Robinson filed a malpractice lawsuit in Harris County, Texas against attorney Van Smith. In both cases, Robinson alleged that the attorneys' malpractice diminished or eliminated his ability to pursue his claims against Schneider and Old Republic.

[4] Citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex 1979) ("A bill of review is an independent equitable action brought by a party to a former action

lawsuit; (2) the Bill of Review should be denied because it was barred by the statute of limitations as a matter of law; (3) the Trustee's Bill of Review does not include the elements required to grant a bill of review—that is, that the Trustee's Bill of Review did not allege that it was prevented from making a meritorious defense by accident, fraud, or wrongful conduct of an opposing party, or official mistake; (4) the Trustee was judicially estopped from claiming it was not negligent because the malpractice lawsuits filed against attorneys Tucker and Van Smith for nonsuiting the claims against Schneider alleged the attorneys' negligence, which precludes the plaintiff from asserting that the failure to make a meritorious defense is not due to its own fault or negligence; and (5) entry of nonsuit in November of 2017 was not void but only potentially voidable, and the Trustee may not now avoid the applicable statutes of limitations for the personal injury claim and cannot rely on section 549 of the Bankruptcy Code.[5]

The trial court held a hearing on the Bill of Review on November 17, 2023. Plaintiffs' counsel argued that a judgment that is void for lack of subject-matter

_____

seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial.").

[5] Bankruptcy Code 11 U.S.C. section 549 provides that a trustee may avoid a transfer of property of the bankruptcy estate if the transfer occurred after the commencement of the bankruptcy proceeding and was not authorized by the bankruptcy court or the Bankruptcy Code, provided that the trustee acts within two years of the date of the transfer sought to be avoided. *See* 11 U.S.C. § 549; *Frankoff v. Norman*, No. 14-11-00152-CV, 2012 Tex. App LEXIS 5045, at 5 & n.10 (Tex. App.—Houston [14th Dist.] June 26, 2012, no pet.) (mem. op.).

jurisdiction may be set aside even after a trial court's plenary power has expired. Counsel for the Trustee also argued that a debtor, such as Robinson, has "at least enough capacity and standing to preserve" a claim by filing a lawsuit, although the debtor may not have the ability to prosecute the action.

Defendant's counsel argued that a bill of review should be filed as a separate action, not in the original action. Defendant's counsel also argued that the nonsuit was not void but only voidable. Defendant's counsel further argued that a bill of review must be filed within four years of the date of the disputed order or judgment. Therefore, the Trustee had missed the statute of limitations for challenging the nonsuit.

On December 4, 2023, the trial court signed an order denying the Bill of Review and Alternative Motion to Vacate Nonsuit for Lack of Subject Matter Jurisdiction. In a letter, the trial court stated that four years had expired from the date that Robinson filed his nonsuit, "the ability for this Court to consider [the Bill of Review] expired, and consequently, the Court is not able to grant the Plaintiff's Bill of Review." Thereafter, the Trustee filed its notice of appeal.

## Issues

On appeal, the Trustee argues that the trial court erred by denying its Bill of Review as to Schneider. The Trustee articulates four issues in support of its position: (1) attorney Van Smith did not represent the Trustee or the bankruptcy estate, the

9

real party in interest, at the time he filed the nonsuit; (2) Robinson did not have authority to nonsuit Schneider while the Chapter 7 bankruptcy estate existed; (3) Robinson's November 2017 nonsuit of Schneider (and other defendants) was void because, at the time of the nonsuit, Van Smith had not been appointed or approved by the Bankruptcy Court; and (4) the Bill of Review, filed in August of 2023, was not subject to the four-year time limitation for bringing a bill of review because the challenge was based on a lack of subject-matter jurisdiction.

Applicable Law and Analysis

A nonsuit extinguishes a case or controversy from the moment the motion is filed (or an oral motion is made in open court), and the only requirement is filing the motion with the clerk of the court. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam) (quotations omitted) (citing *Shadowbrook Apts. v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990); *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982)). A plaintiff's nonsuit is effective immediately upon filing, and it renders the merits of the nonsuited case moot. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *see also Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) ("A nonsuit terminates a case 'from the moment the motion is filed.'") (quoting *Joachim*, 315 S.W.3d at 862). A trial court's granting of a nonsuit is a ministerial act, and the trial court generally has no discretion to refuse to sign an order for dismissal once notice of nonsuit has been

10

filed. *See In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding); *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (per curiam).

A plaintiff may reverse the nonsuit by filing a motion to reinstate or a motion for new trial, or by agreement of the parties, so long as the trial court has plenary power over the case. *See DHJB Dev., LLC v. Graham*, No. 03-18-00340-CV, 2018 Tex. App. LEXIS 9074, at \*\*6-7 (Tex. App.—Austin Nov. 7, 2018, no pet.) (mem. op.); *Trimble v. Fin. Freedom Senior Funding Corp.*, No. 01-15-00851-CV, 2016 Tex. App. LEXIS 13477, at \*\*4-5 (Tex. App.—Houston [1st Dist.] Dec. 20, 2016, no pet.) (mem. op.); *Braglia v. Middleton*, No. 13-10-00101-CV, 2012 Tex. App. LEXIS 1647, at \*\*6-7 (Tex. App.—Corpus Christi–Edinburg Mar. 1, 2012, no pet.) (mem. op.). Here, Robinson did not file a motion to reinstate nor motion for new trial. Instead, the Trustee intervened and sought to amend the petition to add Schneider, Old Republic, and INS back in as defendants, which the trial court denied. In April of 2021, Pollard asked the trial court to sever out Plaintiffs' claims against Schneider, Old Republic, and INS, which the trial court granted. The claims against the nonsuited defendants were severed into trial cause number D-200781-A. Generally, the severance of an interlocutory order or judgment into a separate cause makes it final. *See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024) (citing *Diversified*

11

*Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) (per curiam)); *Trahan v. Premcor Refin. Grp. Inc.*, No. 09-17-00005-CV, 2018 Tex. App. LEXIS 6493, at *1 n.1 (Tex. App.—Beaumont Aug. 16, 2018, pet. denied) (mem. op.); *Thompson v. Beyer*, 91 S.W.3d 902, 904 (Tex. App.—Dallas 2002, no pet.). Our record does not include copies of any pleadings, motions, or orders in the severed cause (D-200781-A).

Instead of filing a motion to reinstate or motion for new trial, the Trustee filed a Bill of Review on August 16, 2023, *in the original lawsuit* (trial cause number D-200781). "A bill of review is brought as a direct attack on a judgment that is no longer appealable or subject to a motion for new trial." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010). "A bill of review is a separate, independent suit to set aside a judgment that is no longer subject to a motion for new trial or appealable." *Kholaif v. Safi*, 636 S.W.3d 313, 317 (Tex. App.—Houston [14th Dist.] 2021, pet. denied); *see also Ross v. Nat'l Ctr. for the Emp. of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) ("a bill of review is a separate proceeding from the underlying suit[]").

Ordinarily, a bill of review is properly filed as a new trial cause, and if the trial court denies the bill of review, the denial order becomes a final order for purposes of appeal. *See Alaimo v. U.S. Bank Trust Nat'l Ass'n*, 551 S.W.3d 212, 215 (Tex. App.—Fort Worth 2017, no pet.). But here, the Trustee filed the bill of review

in the original trial cause, and the appellate record reflects *that lawsuit is still an ongoing suit* in which there has been no final judgment. As a general rule, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Id.* The Legislature has identified certain statutory exceptions under which an interlocutory order may be appealed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. The order appealed is not one of the statutory exceptions. *See id.*

Here, the order denying the Bill of Review is not a final judgment that disposes of all claims and all parties in trial cause number D-200781. *See Lehmann*, 39 S.W.3d at 195. The order is not one of the statutory exceptions for which an interlocutory appeal is authorized. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Therefore, because the order appealed from is not a final, appealable judgment and the bill of review was not tried in the severed-out cause or other separate trial cause, we must dismiss the appeal for lack of jurisdiction. *See Youngblood & Assocs., P.L.L.C. v. Duhon*, 57 S.W.3d 63, 65-66 (Tex. App.—Houston [14th Dist.] 2001, no pet.).[6]

---

[6] After submission of the case, Appellant filed a Motion to Extend the time for the trial court to amend its order to cure any procedural defects. We deny the motion.

13

APPEAL DISMISSED.

LEANNE JOHNSON<br>
Justice

Submitted on November 13, 2024
Opinion Delivered June 19, 2025

Before Golemon, C.J., Johnson and Wright, JJ.